JOHN S. CHA, Bar No. 129115
E-mail: jcha@srclaw.com
ROBYN M. McKIBBIN Bar No. 191085
E-mail: rmckibbin@srclaw.com
STONE ROSENBLATT CHA
21550 Oxnard Street, Main Plaza – Suite 200
Woodland Hills, California 91367
Telephone (818) 999-2232
Facsimile (818) 999-2269

Attorneys for Plaintiff, AARON BREN

CHRISTOPHER J. BOMAN, Bar No. 198798
E-mail: cboman@laborlawyers.com
TODD B. SCHERWIN, Bar No. 239848
E-mail: tscherwin@laborlawyers.com
FISHER & PHILLIPS LLP
18400 Von Karman Avenue, Suite 400
Irvine, California 92612
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorneys for Defendants
PHARMACEUTICAL STRATEGIES GROUP, L.P, and RXSG, LLC (as
General Partner of Pharmaceutical Strategies Group, L.P.)

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AARON BREN, an individual, | Case No.: CV 07-4668 GAF (VBKx) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| vs. | |
| PHARMACEUTICAL STRATEGIES GROUP, L.P. and RXSG, LLC, as the General Partner of PHARMACEUTICAL STRATEGIES GROUP, L.P., | Complaint Filed: 07/18/07<br>FAC Filed:        08/09/07<br>Trial Date:        09/23/08 |
| Defendants. | |

//

//

//

1   Plaintiff, AARON BREN ("PLAINTIFF"), through his attorney, and
2   Defendants, PHARMACEUTICAL STRATEGIES GROUP, L.P., and RXSG,
3   LLC, ("DEFENDANTS"), through their counsel, hereby stipulate and agree that
4   the preparation and trial of this action may require the disclosure of documents,
5   knowledge and information claimed to contain or constitute private, trade-secret,
6   or confidential matters.

7   PLAINTIFF and DEFENDANTS have therefore stipulated and agreed to
8   the entry of an order by this Court governing the use and disclosure of certain
9   documents, knowledge and information revealed or discovered during the course
10  of this action.

11  NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by
12  and between PLAINTIFF and DEFENDANTS, through their counsel, that:

13  1.   The term "THIS ACTION" as used herein shall mean the United
14  States Central District of California Case, styled *Aaron Bren v. Pharmaceutical*
15  *Strategies Group, et al.* (Case No. CV 07-4668 GAF (VBKx)).

16  2.   Any documents, materials and/or information produced, served or
17  exchanged in the course of THIS ACTION may be designated as
18  "CONFIDENTIAL" pursuant to the terms of this Stipulated Confidentiality
19  Agreement if the designating party or attorney reasonably believes that such
20  designation is necessary to protect documents, materials and/or information of a
21  sensitive, proprietary or confidential nature.

22  3.   All documents, materials and/or information produced or exchanged
23  in the course of THIS ACTION designated "CONFIDENTIAL," shall be used
24  solely for the purpose of THIS ACTION, and shall not be made available to
25  persons other than QUALIFIED PERSONS (as defined in Paragraph 4, below) or
26  the party or non-party who produced the documents, materials and/or
27  information; except that (1) the parties hereto may use documents, materials
28  and/or information designated "CONFIDENTIAL" in lodgings made with the

Irvine 492384.1

Stipulated Protective Order

1  Court or in arguments made to the Court; (2) the parties hereto may use
2  documents, materials and/or information designated as "CONFIDENTIAL" in
3  depositions so long as that portion of the deposition transcript referring to said
4  documents, materials and/or information or their subject matter as well as the
5  documents and materials themselves are marked accordingly pursuant to the
6  provisions of Paragraph 8 herein; and (3) the parties hereto may use documents,
7  materials and/or information designated as "CONFIDENTIAL" in trial or
8  mediation between them.  It is understood between the parties to this Stipulated
9  Confidentiality Agreement that if documents, materials and/or information
10  designated "CONFIDENTIAL" are used in THIS ACTION, the party introducing
11  those documents, materials and/or information will take all reasonable steps to
12  protect the confidentiality of the documents, materials and/or information,
13  including, for example, notifying the Court or mediator of this Stipulated
14  Confidentiality Agreement.

15      4.    "QUALIFIED PERSON" as used herein means: (a) a party hereto,
16  an officer, partner, or director of a party hereto, or in-house counsel of a party
17  having responsibility for or working on THIS ACTION, or (b) outside counsel
18  employed by a party to THIS ACTION, or an employee of such counsel to whom
19  it is necessary that the documents, materials and/or information be shown for
20  purposes of THIS ACTION, or (c) other employees of a party for the purpose of
21  working directly on THIS ACTION at the request or at the direction of counsel,
22  or (d) non-attorneys retained by a party or its attorneys of record in THIS
23  ACTION to assist in THIS ACTION, such as independent accountants, expert
24  witnesses, consultants, professional vendors (including photocopying support,
25  exhibit preparation support, and electronic data retrieval support) or other
26  technical experts, (e) court reporters actually involved in transcribing depositions
27  and  proceedings  in this litigation, or (f) nonparty witnesses and/or deponents but
28  //

Stipulated Protective Order

only during the course of their deposition or testimony given in connection with THIS ACTION.

In the event that any QUALIFIED PERSON to whom "CONFIDENTIAL" documents, materials and/or information is disclosed ceases to engage in the preparation for trial in THIS ACTION, access by such QUALIFIED PERSON to such documents, materials and/or information shall be terminated.  However, the provisions of this Order shall remain in full force and effect as to any QUALIFIED PERSON who has been given access to "CONFIDENTIAL" documents.

5.    "CONFIDENTIAL" designations in accordance with paragraph 2 above shall be made as follows:

(a)    Designation of documents, materials and/or information as "CONFIDENTIAL" shall be made by conspicuously stamping or writing "CONFIDENTIAL" on each page thereof or, if the document is more than one page long, by conspicuously stamping or writing "CONFIDENTIAL" on the first page thereof.

(b)    Designation of a deposition, or portions thereof, as "CONFIDENTIAL" shall be made by a statement on the record by counsel for the party or other person making the designation at the time of such testimony. The portions of depositions so designated as "CONFIDENTIAL" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Stipulated Confidentiality Agreement, the court reporter, the deponent, and the deponent's attorney.  The parties shall instruct the court reporter to segregate such portions of the deposition in a separate transcript designated as "CONFIDENTIAL." Portions of such deposition transcripts shall be clearly marked as "CONFIDENTIAL" on the cover or on each page, as appropriate.

//

4

Stipulated Protective Order

Irvine 492384.1

1          (c)   Any party may designate documents, materials and/or
2   information as "CONFIDENTIAL" even if not initially designated as
3   "CONFIDENTIAL" in accordance with the terms of this Stipulated
4   Confidentiality Agreement by so advising counsel for each other party in writing
5   within thirty (30) days after the delivery of said documents, materials and/or
6   information or receipt of the deposition transcript that it wishes to designate as
7   "CONFIDENTIAL."   Until the thirty-day period expires, all discovery shall be
8   treated as "CONFIDENTIAL."     Thereafter, documents, materials and/or
9   information designated as "CONFIDENTIAL" shall be treated in accordance with
10   the terms of this Stipulated Confidentiality Agreement.   To the extent another
11   copy of the material previously not marked "CONFIDENTIAL" but now treated
12   as "CONFIDENTIAL" needs to be issued, the receiving/requesting party will
13   bear the cost of reproducing the "CONFIDENTIAL" material.

14          6.     Any party has the right to challenge any "CONFIDENTIAL"
15   designation made by any other party pursuant to this Stipulated Confidentiality
16   Agreement.

17          (A)  If any party objects in writing to the "CONFIDENTIAL" designation
18   of any documents, materials and/or information, the objecting party shall file an
19   application to have the Court determine whether the documents, materials and/or
20   information designated as "CONFIDENTIAL" is in fact confidential, and such
21   application shall be filed and served within a reasonable amount of time not to
22   exceed thirty (30) days after serving of the objection.   The party challenging the
23   "CONFIDENTIAL" designation shall have the burden of proving that the
24   designated information is not entitled to protection.   The contested
25   "CONFIDENTIAL" documents, materials and/or information shall be treated as
26   "CONFIDENTIAL" pursuant to this Stipulated Confidentiality Agreement until
27   the Court rules otherwise.   If no application is filed within ten (10) days after
28   service of the written objection in the manner set forth in this paragraph, the

Irvine 492384.1

Stipulated Protective Order

contested documents, materials and/or information shall be treated as "CONFIDENTIAL" pursuant to this Stipulated Confidentiality Agreement after expiration of the ten-day period.

(B)   If any party receives documents, materials and/or information that have not been designated as "CONFIDENTIAL" but believes that such documents, materials and/or information is confidential, the party requesting "CONFIDENTIAL" designation of the documents, materials and/or information shall send written objection to the producing party requesting a "CONFIDENTIAL" designation.  If the producing party does not agree to such designation, the party requesting the "CONFIDENTIAL" designation shall file an application to have the Court determine whether the documents, materials and/or information not designated as "CONFIDENTIAL" are in fact confidential, and such application shall be filed and served within a reasonable time not to exceed thirty (30) days after service of the written objection.  The party seeking the "CONFIDENTIAL" designation shall have the burden of proving that the designated documents, materials and/or information is entitled to protection.  The contested "CONFIDENTIAL" documents, materials and/or information shall be treated as "CONFIDENTIAL" pursuant to this Stipulated Confidentiality Agreement until the Court rules otherwise.

If no application is filed within thirty (30) days after service of the written objection in the manner set forth by this paragraph, the contested documents, materials and/or information shall not be treated as "CONFIDENTIAL" pursuant to this Stipulated Confidentiality Agreement after the expiration of the ten-day period.

7.    If for some reason "CONFIDENTIAL" documents, materials and/or information are to be disclosed to a third-party witness at a deposition, or to an expert or consultant, or to anyone else entitled to receive such documents, materials and/or information under this Stipulated Confidentiality Agreement,

6

prior to such documents, materials and/or information being disclosed, a copy of this Stipulated Confidentiality Agreement shall be shown to such individual and his or her agreement to abide by the terms of this Stipulated Confidentiality Agreement by maintaining the "CONFIDENTIAL" nature of documents, materials and/or information provided shall be obtained by counsel as provided in Exhibit "A".  Such agreement shall be reflected by having that person sign a copy of Exhibit "A".  If such individual refuses to assent to be bound by this Stipulated Confidentiality Agreement, disclosure to that individual of "CONFIDENTIAL" documents, materials and/or information shall not be permitted without an Order of the Court or agreement between the parties.  The parties will maintain the original signatures and make them available to the opposing party upon request.

8.    The original, and all copies, of any deposition or portion thereof taken herein and designated as "CONFIDENTIAL" shall be so designated by the reporter.  The court reporter shall label the envelope in which the deposition transcripts are maintained: "This deposition was taken subject to the Stipulated Confidentiality Agreement."  The reporter shall provide copies of such deposition transcripts only to the deponents and the attorneys for the parties hereto.  If the deposition transcript or any portion thereof is lodged or otherwise provided to the Court, the transcript will be subject to the provisions of this Order.

9.    Within 15 days after a final decision by the Court, or as otherwise agreed to by the parties in writing, any originals or reproductions of any "CONFIDENTIAL" documents, materials and/or information produced by a party or non-party shall be returned to the producing party or non-party upon request.  In the alternative, the material designated as CONFIDENTIAL can be destroyed with the destroying party to certify to all parties in a sworn affidavit that the CONFIDENTIAL material has been destroyed.  However, Counsel are permitted to  retain an  archival copy of all pleadings, motion papers,  transcripts,

//

Irvine 492384.1

Stipulated Protective Order

1  legal memoranda, correspondence, and/or work product materials even if such
2  materials contain CONFIDENTIAL information.

3       10.    Nothing in this Stipulated Confidentiality Agreement shall prohibit a
4  party from seeking additional, modified or further protection of
5  "CONFIDENTIAL" documents, materials and/or information during or before
6  the trial of THIS ACTION by stipulation among all the parties, approved by the
7  Court, by application to the Court, or by the Court's Order.

8       11.    This Stipulated Confidentiality Agreement and the agreements
9  embodied herein shall survive the termination of THIS ACTION and continue in
10  full force and/or effect thereafter.

11       12.    The provisions of this Stipulated Confidentiality Agreement are
12  intended solely to facilitate the preparation and trial of THIS ACTION, and shall
13  not be construed in any way as an admission or agreement by any party that any
14  documents, materials and/or information does or does not constitute or contain
15  private, trade-secret, or business sensitive information.

16       13.    It is understood by the parties that this Stipulated Confidentiality
17  Agreement neither addresses nor resolves issues relating to classified documents,
18  materials and/or information.

19       14.    Nothing in this Stipulated Confidentiality Agreement shall be
20  construed to affect either the discoverability or admissibility at trial of any
21  documents, materials and/or information nor shall any party's entry into this
22  Stipulated Confidentiality Agreement be deemed to waive either its, his, or her
23  right to object to the production of documents, materials and/or information on
24  appropriate grounds, or to move to compel the production of documents,
25  materials and/or information wrongfully withheld from production by another
26  party or entity.

27  //
28  //

8

1        15.   All new parties hereafter brought into the litigation shall be bound by

2  the terms of this Stipulated Confidentiality Agreement.  Any such party may, by

3  noticed motion and for good cause, seek an order from the Court for relief from

4  applicability of this Stipulated Confidentiality Agreement.

5

6  Date:  December ___9___ , 2007        FISHER & PHILLIPS LLP

7

8                              By: _____

9                                    CHRISTOPHER J. BOMAN
                                    TODD B. SCHERWIN

10                                  Attorneys for Defendants
                                  PHARMACEUTICAL

11                                  STRATEGIES GROUP, L.P. and
                                  RXSG, LLC

12

13  Date:  December _____ , 2007        STONE|ROSENBLATT|CHA

14

15                                By: _____

16                                    ROBYN MCKIBBIN
                                  Attorney for Plaintiff

17                                  AARON BREN

18

19

20  IT IS SO ORDERED

21

22

23  Date: 1/4 2008              By: _____

24                                JUDGE GARY A. FEESS
                                UNITED STATES DISTRICT COURT

25

26

27

28

Irvine 492384.1

Stipulated Protective Order

15. All new parties hereafter brought into the litigation shall be bound by the terms of this Stipulated Confidentiality Agreement. Any such party may, by noticed motion and for good cause, seek an order from the Court for relief from applicability of this Stipulated Confidentiality Agreement.

Date: December _____, 2007                    FISHER & PHILLIPS LLP


                                              By: _____
                                              CHRISTOPHER J. BOMAN
                                              TODD B. SCHERWIN
                                              Attorneys for Defendants
                                              PHARMACEUTICAL
                                              STRATEGIES GROUP, L.P. and
                                              RXSG, LLC

Date: December 2, 2007                        STONE|ROSENBLATT|CHA


                                              By: _____
                                              ROBYN MCKIBBIN
                                              Attorney for Plaintiff
                                              AARON BREN


IT IS SO ORDERED



Date: _____, 2007              By: _____
                                   JUDGE GARY A. FEESS
                                   UNITED STATES DISTRICT COURT

9

Stipulated Protective Order

Irvine 442384.1

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ , declare and say that:

1.    I am employed as _____

by _____.

2.    I have read the Protective Order entered in AARON BREN v. PHARMACEUTICAL STRATEGIES GROUP, L.P., et. al., Case No. CV 07-4668 GAF (VBKx), and have received a copy of the Protective Order.

3.    I promise that I will use any and all "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" information with anyone other than people who have agreed to be bound by this Protective Order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6.    I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____        _____

10

Irvine 492384.1

Stipulated Protective Order

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 18400 Von Karman Avenue, Suite 400, Irvine, California 92612.

On **December 19, 2007**, I served the foregoing document entitled **STIPULATED PROTECTIVE ORDER**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| John S. Cha, Esq.<br>Robyn M. McKibbin, Esq.<br>STONE ROSENBLATT CHA PLC<br>21550 Oxnard Street<br>Main Plaza – Suite 200<br>Woodland Hills CA 91367<br>(818) 999-2232  Fax: (818) 999-2269 | Attorneys for Plaintiff<br>AARON BREN |

☒    **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐    **[by PERSONAL SERVICE]** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Corporate Services, Inc., whose business address is 18011 Skypark Circle, Suite M, Irvine, California 92614.

☒    **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **December 19, 2007,** at Irvine California.

DOROTHY MJ. WANG                    By: _____
<br>Print Name                                                    Signature

---

PROOF OF SERVICE

Irvine 492384.1